This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO.  29,613**

**TIMOTHY CUSACK,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant was convicted of voluntary manslaughter and two counts of tampering with evidence. With respect to the latter two convictions, Defendant raises three issues, contending that (1) a double jeopardy violation occurred; (2) a question relating to the jury instructions was improperly answered; and (3) the evidence was insufficient to support two convictions. We agree that the convictions for tampering with evidence violate double jeopardy and, therefore, reverse and remand to the district court for dismissal of one of the convictions.

**I.      BACKGROUND**

Because the issues on appeal pertain exclusively to the convictions for tampering with evidence, our summary of the underlying proceedings is limited correspondingly.

At trial, a number of witnesses provided testimony bearing upon Defendant's destruction of evidence. The first witness, Defendant's sister, Amber Russell, testified that, on October 24, 2007, she visited with Defendant and talked about the homicide. In the course of their discussion, Defendant mentioned his need to dispose of some items and he, ultimately, decided to burn them. Amber later observed Defendant start fires and burn unspecified objects in three locations:  (1)  his mother's house in Cliff, New Mexico, (2) Amber's house in Buckhorn, New Mexico, and (3) next door in the driveway at her brother-in-law's house. The second witness, Defendant's girlfriend,

Miranda Groves, testified that she observed Defendant burn an unknown object at his mother's house, start a fire at Amber's house where he burned items including a glove and a jacket and, then, start a third fire near Amber's house where he burned other unspecified items. The third witness, an investigating officer, testified that he found remnants of a jacket in a pile of ashes at Amber's house. Fourth and finally, Defendant testified that he flushed a glove down a toilet at his home in Silver City, New Mexico immediately after the homicide and later burned a shirt at his mother's home.

Based on the foregoing evidence, the jury was instructed to return a guilty verdict on the first count of tampering with evidence if it found that Defendant had destroyed gloves while intending to prevent his own apprehension, prosecution, or conviction. With respect to the second count, the jury was instructed to return a guilty verdict if it found that Defendant had destroyed "a jacket and other clothing" with the requisite intent. Defendant was found guilty on both counts.

At the time of sentencing, Defendant argued that the two convictions should have merged. The district court disagreed, concluding that separate factual bases for both convictions existed. This appeal followed.

## II. DISCUSSION

### A. Double Jeopardy

Defendant contends that his acts of destroying evidence should be said to constitute a single crime, such that only one conviction for tampering with evidence may stand.

We review double jeopardy claims de novo. *State v. Dombos*, 2008-NMCA-035, ¶ 9, 143 N.M. 668, 180 P.3d 675. Because this case presents a unit-of-prosecution issue, we apply a two-step analysis. *See id.* ¶ 10 (stating that unit-of-prosecution cases are those in which a defendant is convicted of multiple violations of the same criminal statute). First, we review the statutory language for guidance. *State v. Bernal*, 2006-NMSC-050, ¶ 14, 140 N.M. 644, 146 P.3d 289. If the statutory language is not clear, we must then determine whether the defendant's acts are separated by sufficient indicia of distinctness to justify multiple punishments under the same statute. *Id.*

Our Supreme Court has previously held that the statute prohibiting tampering with evidence does not clearly define the unit of prosecution. *State v. DeGraff*, 2006-NMSC-011, ¶¶ 34-35, 139 N.M. 211, 131 P.3d 61. Accordingly, we must consider whether Defendant's acts are separated by sufficient indicia of distinctness. *Id.* ¶ 35. "Such indicia include the timing, location, and sequencing of the acts, the

existence of an intervening event, the defendant's intent as evidenced by his conduct and utterances, and the number of victims." *Id.*

With respect to multiple convictions for tampering with evidence, our published authorities indicate that distinct acts occurring at separate times and in different locations supply an adequate basis for multiple convictions. *See, e.g.*, *State v. Saiz*, 2008-NMSC-048, ¶¶ 36-42, 144 N.M. 663, 191 P.3d 521, *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783; *DeGraff*, 2006-NMSC-011, ¶¶ 32-39; *State v. Cook*, 2006-NMCA-110, ¶¶ 7-19, 140 N.M. 356, 142 P.3d 944. Bearing this in mind, we turn to the evidence presented at trial.

Defendant could have been said to have engaged in the destruction of specific items in three separate times and locations. First, testimony was presented, indicating that Defendant flushed a glove down a toilet immediately after returning to his home in Silver City on the night of the homicide. Second, testimony was presented, indicating that Defendant later burned a shirt after traveling to his mother's house in Cliff. Third, physical and testimonial evidence was presented, indicating that Defendant subsequently burned a glove and a jacket while at his sister's house in Buckhorn.

The parties approach the foregoing evidence in fundamentally different ways. Defendant focuses on the third and final incident, contending that "[t]he factual basis" for both of the convictions must have been Miranda's testimony, such that only a single act of destruction—the fire in Buckhorn—was considered. By contrast, the State presumes that the convictions were separately based on the burning of the shirt in Cliff and the subsequent burning of the jacket and/or glove in Buckhorn.

As the parties' conflicting approaches illustrate, a variety of potential evidentiary bases for the verdicts exist. In an effort to obtain clarification, we turn to the jury instructions. *See, e.g.*, *DeGraff*, 2006-NMSC-011, ¶ 36; *see also Cook*, 2006-NMCA-110, ¶¶ 17, 19 (looking to the jury instructions in an effort to ascertain whether multiple convictions were based on unitary conduct). With respect to the first count, the jury was instructed to return a guilty verdict if it found that Defendant destroyed gloves. With respect to the second count, the jury was instructed to return a guilty verdict if it found that Defendant destroyed a jacket and other clothing. Separation by time and location was not specifically mentioned. The instructions distinguished the two offenses only by reference to the particular items of clothing destroyed.

In light of the instructions given, the basis for Defendant's convictions remains unclear. With respect to the first count, the jury may have based its verdict on the act

of flushing one glove down the toilet at Defendant's home in Silver City on the subsequent act of burning one or more gloves at his sister's home in Buckhorn, or on a combination of both of those acts. With respect to the second count, the jury may have based its verdict on the act of burning the shirt at his mother's home in Cliff on the subsequent act of burning the jacket at his sister's home in Buckhorn, or on a combination of both of those acts.

In light of the foregoing ambiguities, we are unable to ascertain with certainty whether Defendant's convictions are premised on distinct acts at different times and separate locations. It is possible that the conviction associated with the first count was based on Defendant's conduct in Silver City and/or his conduct in Buckhorn while the conviction associated with the second count was based on his conduct in Cliff. However, it is also entirely possible that both convictions are based on Defendant's conduct in Buckhorn. This creates a double jeopardy problem.

As a general principle, "a conviction under a general verdict [must] be reversed if one of the alternative bases for conviction provided in the jury instructions is 'legally inadequate' because it violates a defendant's constitutional right to be free from double jeopardy[.]" *State v. Foster*, 1999-NMSC-007, ¶ 27, 126 N.M. 646, 974 P.2d 140 (citations omitted), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683. This is because "[j]urors

are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law." *Foster*, 1999-NMSC-007, ¶ 28 (internal quotation marks and citation omitted).

> Thus, we cannot assume that jurors will know to avoid an alternative basis for reaching a guilty verdict that would result in a violation of the Double Jeopardy Clause. On the contrary, we must presume that a conviction under a general verdict requires reversal if the jury is instructed on an alternative basis for the conviction that would result in double jeopardy, and the record does not disclose whether the jury relied on this legally inadequate alternative.

*Id.* (citation omitted). Applying the foregoing principle, we conclude that insofar as both of Defendant's convictions may be based on his single act of burning one or more gloves and a jacket at his sister's home in Buckhorn, a double jeopardy violation is presented.

We understand the State to suggest that the ambiguity with respect to the basis for Defendant's convictions was effectively resolved in the course of an exchange between the jury and the judge. After retiring to deliberate, the jury presented a written question about the instructions, specifically asking whether the "and" appearing between "jacket" and "other clothing" could instead be read as "or." The district court answered in the affirmative. The State suggests that the reference to "other clothing" should be regarded as a reference to the shirt and recommends

"[h]armonizing" the evidence by presuming or inferring that the jury must have based its verdict on the evidence relating to the burning of the shirt.

The State's view may have been adopted by the jury. However, substituting the word "or" for the word "and" does not lead ineluctably to that result. Even as altered, the instruction relating to the second count leaves open the possibility that the verdict was based on the act of burning the jacket. Insofar as the jacket was destroyed at the same time and location as at least one of the gloves, the modified instruction does not alleviate the double jeopardy problem. *See Dombos*, 2008-NMCA-035, ¶¶ 15, 19 (holding that no double jeopardy violation occurred in a unit-of-prosecution case where the judge specifically explained to the jury that it was required to find two different incidents in order to return two guilty verdicts).

**B.      Jury Instruction and Sufficiency of the Evidence**

In his briefs to this Court, Defendant has raised two additional issues, arguing that the district court mishandled the jury's question in relation to the second instruction on tampering with evidence and contending that the evidence was insufficient to support two convictions for the same offense. In relation to both of these issues, Defendant suggests that one of his convictions for tampering with evidence should be reversed, such that a single conviction should be permitted to stand. Because we have previously concluded that one of Defendant's convictions for

9

tampering with evidence must be reversed on double jeopardy grounds, we need not consider his remaining issues. *See, e.g., State v. Yazzie*, 2010-NMCA-028, ¶ 20, 147 N.M. 768, 228 P.3d 1188 (similarly declining to address residual issues on grounds that the resolution of a double jeopardy challenge rendered them superfluous).

## III.   CONCLUSION

For the foregoing reasons, we hold that Defendant's convictions for tampering with evidence violate double jeopardy.  Accordingly, we remand to the district court with directions to dismiss one of the convictions.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**